UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CROCKER, | No. 2:22-cv-01924 DAD AC PS |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| COUNTY OF AMADOR, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. The matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. <u>See</u> 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I.  SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000) (en banc).

## II.  THE COMPLAINT

Plaintiff sues the County of Amador, Amador County Sheriff Deputy Bailiffs Justin Coletti and Luke McElfish, Ryan Gillaspie, Michael Rice, Todd Riebe, Michelle Adamson, John Stephen Hermanson, and Andrea Sexton for incidents occurring on June 15, 2021 and July 22, 2021 involving the Amador County Sheriff Department's use of excessive force. ECF No. 1 at 1-2. Plaintiff alleges as follows. On June 15, 2021, Bailiff Coletti physically pushed plaintiff out of a hearing that he was a party to at the Amador County Courthouse. Id. at 2. The court held the hearing even though plaintiff was not allowed to attend. Id.

On July 17, 2021, plaintiff filed a notice with the County of Amador Superior Court notifying the court that he was scheduled for shoulder surgery on July 21, 2021, and requesting that the court continue his matter for 60 days. Id. On July 22, 2021, plaintiff was assaulted by Bailiffs Coletti and McElfish, who grabbed both his arms less than 24 hours after his reconstructive surgery and "pushed/threw/shoved" him out of the courthouse. Id.

Judge John Stephen Hermanson and Commissioner Andrea Sexton of the same court denied plaintiff's restraining order requests and Bailiff Sargent Michael Rice dismissed plaintiff's formal grievances against the deputies who assaulted him. Id. at 3. Plaintiff served a Tort Claims Preservation Letter to the Amador County Board of Supervisors which was approved by Amador County Sheriff Deputy Ryan Gillaspie, who has since been fired for fraud, professional misconduct, and/or misrepresentation of facts. Id. After plaintiff served the Tort Claim Preservation letter, Amador County District Attorney Todd Riebe and Amador County Deputy District Attorney Michelle Adamson unlawfully and maliciously filed a criminal contempt complaint against plaintiff on September 28, 2021. Id. at 3-4. Judge Hermanson enabled and

////

1  encouraged District Attorney Adamson to pursue her action by not dismissing it for cause.  Id. at
2  4.
3      In the complaint's statement of facts, plaintiff asserts that his Fifth Amendment right to
4  Due Process was violated when he was "kidnapped/held hostage/assaulted/battered and forcibly
5  removed from the courthouse" against this will.  Id. at 7.  Plaintiff alleges his Sixth Amendment
6  right to fundamental fairness and a fair tribunal was violated when he was not given Miranda
7  warnings by the officers before being removed from the courtroom.  Id.  Plaintiff alleges his
8  Eighth Amendment rights were violated by "sadistic and wanton cruel and unusual punishment
9  by physical torment/torture" when he was physically handled after his shoulder surgery.  Id.
10 Plaintiff alleges his First and Ninth Amendment rights were violated when the Bailiffs and Court
11 refused to listen to him about his shoulder surgery and the pre-field affidavit.  Id.  Plaintiff alleges
12 his Seventh and Thirteenth Amendment rights were violated when he was temporarily
13 incarcerated and detained and forcibly removed from the courthouse.  Id.  These putative
14 constitutional issues are not presented as causes of action.
15     Plaintiff lists seven causes of action: (1) Unreasonable Search and Seizure – Excessive
16 force against defendants Coletti and McElfish; (2) Bane Act against defendants the County,
17 Coletti, McElfish, Gillaspie, Rice, Sexton, Hermanson, Adamson, and Riebe; (3) Violation of
18 Article 1 § 13 of the California Constitution against all defendants (unreasonable search and
19 seizure); (4) Negligence against all defendants; (5) Battery against defendants County, Coletti,
20 and McElfish; (6) Barratry/Cal. Pen. Code § 158 against defendants County, Adamson, and
21 Riebe; and (7) municipal liability for unconstitutional custom or policy pursuant to 42 U.S.C. §
22 1983.

### III. CLAIMS FOR WHICH A RESPONSE WILL BE REQUIRED

24     For the purposes of screening only, the court finds that the complaint sufficiently alleges
25 the following causes of action: (1) Fourth Amendment excessive force against defendants Coletti
26 and McElfish, under § 1983; (2) Bane Act against defendants the County, Coletti, and McElfish;
27 (3) unlawful seizure/detention in violation of the California Constitution against the County,
28 ////

Coletti, and McElfish; (4) negligence against the County, Coletti, and McElfish; and (5) battery against defendants County, Coletti, and McElfish.[1]

## IV. FAILURE TO STATE A CLAIM

### A. Several Defendants Are Entitled to Absolute Immunity

Defendants Hermanson and Sexton are, according to the allegations of the complaint, judges and/or quasi-judicial officers who acted in their judicial capacity and are therefore immune from suit. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Judicial immunity is an absolute immunity, and it applies whenever the alleged wrongful conduct was judicial in nature. Stump v. Sparkman, 435 U.S. 349, 355–56 (1991). The only situations where it does not apply are those involving (1) acts that are nonjudicial in nature, i.e., not taken in the individual's judicial capacity, Forrester v. White, 484 U.S. 219, 227–29, (1988); or (2) acts taken in the complete absence of jurisdiction, Stump, 435 U.S. at 356–57. Here plaintiff alleges that Judge John Stephen Hermanson and Commissioner Andrea Sexton "of the same court" wrongfully denied his restraining order requests. ECF No. 1 at 3. Rulings on restraining orders are indisputably judicial acts within the jurisdiction of the superior court. Even where wrongful or even corrupt, judicial acts cannot support civil liability. Because defendants Hermanson and Sexton are absolutely immune from suit, amendment of claims against them would be futile.

Defendants Riebe and Adamson, as Amador County prosecutors, are also immune from suit for the acts described in the complaint. District attorneys acting within the scope of their duties as advocates for the state are absolutely immune from civil suits for damages under Section 1983. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). This immunity applies to the initiation and presentation of a criminal prosecution and the evidence used in that prosecution.

---

[1] Under California law, a public entity may be held vicariously liable "for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would" give rise to an independent cause of action against that employee. Cal. Gov't Code § 815.2(a); see also Eastburn v. Reg'l Fire Prot. Auth., 31 Cal. 4th 1175, 1180 (2003) (Section 815.2(a) "makes a public entity vicariously liable for its employee's negligent acts or omissions within the scope of employment."). Accordingly, Amador County appears to be a proper defendant on the state law claims specified above.

Even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence must be dismissed on grounds of prosecutorial immunity.  See Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984) (citing, inter alia, Imbler, 424 U.S. 409).  Here, plaintiff alleges that Riebe and Adamson unlawfully and maliciously filed a criminal contempt complaint against him on September 28, 2021.  ECF No. 1 at 3-4.  He cannot sue these defendants for bringing charges or for anything they did in court related to those charges.  Because plaintiff's claim against Riebe and Adamson is based on their filing of criminal charges, for which they are immune from suit, this claim cannot be cured by amendment.

### B.  Claim Six Fails as a Matter of Law

Plaintiff's putative Sixth Cause of Action for Barratry is based on an alleged violation of the California Penal Code.  "Common barratry is the practice of exciting groundless judicial proceedings, and is punishable by imprisonment in the county jail not exceeding six months and by fine not exceeding one thousand dollars ($1,000)."  Cal. Penal Code § 158.  A citizen does not have authority to bring criminal charges.  "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch."  Clinton v. Jones, 520 U.S. 681, 718 (1997).  Because violation of the Penal Code cannot form the basis of civil liability, it does not appear that this claim could be cured by amendment.

### C.  Claims Not Supported by Adequate Factual Allegations

Plaintiff fails to state any viable claim against defendants Rice and Gillaspie because he alleges insufficient facts against them.  As to Bailiff Gillaspie, the only allegations in the complaint are that he "approved" an inaccurate report by Coletti and McElfish and that he "approved" plaintiff's tort claim preservation letter.  ECF No. 1 at 3.  As to defendant Rice, the only allegation is that he "dismissed my formal grievances against the deputies who assaulted and battered me."  ECF No. 1 at 3.  Because plaintiff has identified no conduct by these defendants that violated plaintiff's rights or caused a legal injury, no claim is stated against them.

Finally, the Seventh Cause of Action for municipal liability fails to state a claim.  In order to successfully state a claim under § 1983 against a municipality, a plaintiff must go beyond

showing the municipality's employee(s) violated his constitutional rights; he must additionally show: (a) an identified municipal "policy" or "custom" that caused his injury; (b) that a final policymaking official, as defined by state law, made the decision at issue; or (c) a final policymaker delegated such authority to, or previously ratified a similar deprivation by a subordinate. Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 403-404, 406-407 (1997); Monell v. Dep't of Soc. Servs. of City of N.Y.C., 436 U.S. 658, 694 (1978).

The complaint does not allege any facts that could support a Monell claim under any of these theories. Plaintiff alleges only that he believes the individual defendants acted "pursuant to an expressly adopted official policy or longstanding practice or custom of defendant COUNTY" (ECF No. 1 at 24), but such conclusory allegations are insufficient to state a Monell claim. See AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012); Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); Estate of Brooks ex rel. Brooks v. United States, 197 F.3d 1245, 1247 (9th Cir. 1999).

Municipal liability may also be predicated on the entity's failure to train its employees, where the "failure to train amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989); see also Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001). To state a § 1983 claim based on a failure to properly train plaintiff must show: "(1) [plaintiff] was deprived of a constitutional right, (2) the municipality had a training policy that 'amounts to deliberate indifference to the [constitutional] rights of the persons' with whom [its police officers] are likely to come into contact;' and (3) [plaintiff's] constitutional injury would have been avoided had the municipality properly trained those officers." Young v. City of Visalia, 687 F.Supp.2d 1141, 1148 (E.D. Cal. 2009) (quoting Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007)).

Plaintiff clearly intends to proceed on a failure to train theory; he specifically alleges that the county's failure to train regarding the use of force—particularly as to interacting with those who have medical conditions or prior injuries—amounts to deliberate indifference, and that his injuries could have been prevented had the officers been properly trained. ECF No. 1 at 25-27.

However, to satisfy the deliberate indifference standard plaintiff "must allege facts to show that the [defendant] 'disregarded the known or obvious consequence that a particular omission in their training program would cause . . . employees to violate citizens' constitutional rights.'" Flores v. County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014) (citing Connick v. Thompson, 563 U.S. 51, 51-52 (2001)).  A pattern of similar violations is ordinarily necessary to state a claim for failure to train, because absent such a pattern the municipality cannot have been aware that their failure to train would likely cause further constitutional violations.  Id.

Plaintiff has alleged no facts that could support a showing of deliberate indifference on the part of the County.  The only previous violations identified in the complaint relate to an unspecified case in which the County settled claims including sexual harassment and gender discrimination.  ECF No. 1 at 27.  There is no indication that the settled lawsuit involved the use of force on a person with a known injury or medical condition, which is the gravamen of the constitutional violation alleged here.  The complaint does not present facts indicating a pattern of violations, or otherwise supporting the element of deliberate indifference on the part of the County to the constitutional rights of medically vulnerable persons during police encounters.

In sum, both as to custom or policy and as to failure to train, plaintiff has not presented factual allegations sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  Accordingly, Claim Seven fails to state a claim for municipal liability.

## IV. OPTION TO PROCEED OR AMEND

As set forth above, the court finds that the complaint states the following cognizable claims only: (1) Fourth Amendment excessive force against defendants Coletti and McElfish under § 1983; (2) Bane Act against the County, Coletti, and McElfish; (3) unlawful seizure/detention under the California Constitution against the County, Coletti, and McElfish; (4) negligence against County, Coletti, and McElfish; and (5) battery against the County, Coletti, and McElfish.  Plaintiff may, if he wishes, proceed immediately on these claims against these defendants only, dismissing all other claims and defendants.  In the alternative, he may elect to amend his complaint and attempt to fix the problems with other claims.  Plaintiff must file a notice advising the court how he wishes to proceed.

If plaintiff elects to proceed on his claims against defendants the County, Coletti, and McElfish only, without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will constitute a voluntary dismissal without prejudice of the claims against the other named defendants.

If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint to allege additional facts. Additional factual allegations regarding the conduct of defendants Rice and Gillaspie, and those related to the municipal liability of Amador County under § 1983, will be evaluated under the standards explained above. Plaintiff is reminded that defendants Hermanson, Sexton, Riebe and Adamson appear to be immune from suit. If an amended complaint includes claims against immune defendants, or claims based on criminal statutes, the magistrate judge will recommend that those claims be dismissed from the lawsuit.

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the elements of each claim and specifying the involvement of each named defendant. It must contain a short and plain statement of each of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendants legally wronged the plaintiffs.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

(affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading to make plaintiffs' amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  **This means that an amended complaint must include all claims that plaintiff wishes to pursue, including those that have been already found adequate for service.**  In an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V.  PRO SE PLAINTIFF'S SUMMARY

Your complaint states the following claims which are suitable for service: (1) Fourth Amendment excessive force against defendants Coletti and McElfish under 42 U.S.C. § 1983; (2) Bane Act against defendants the County, Coletti, and McElfish; (3) unlawful seizure/detention in violation of Article 1 § 13 of the California Constitution against County, Coletti, and McElfish; (4) negligence against the County, Coletti, and McElfish; and (5) battery against the County, Coletti, and McElfish.  If you want to move forward on these claims against these defendants only, and dismiss the other claims and defendants, the court will have the complaint served.

In the alternative, you may file an amended complaint that includes the claims that have been found suitable for service **and** (1) adds additional facts showing what defendants Rice and Gillaspie did to violate your rights, (2) adds additional facts showing that the County had an

////

unconstitutional policy that violated your rights or was deliberately indifferent to known training needs and caused your injuries that way.

No one can sue judges or prosecutors for things they do in their handling of cases. People can't be sued under a criminal law like the barratry law. Those are legal defects, not problems that can be fixed by adding more facts. For that reason, if you choose to include claims against judges and prosecutors or a barratry claim in an amended complaint, the magistrate judge will recommend to the district judge that those claims be dismissed.

You must let the court know whether you want to (1) move ahead on the claims that are already suitable for service, dismissing other claims; or (2) amend the complaint instead. Please complete and return the attached form, notifying the court of your decision, within 14 days of this order.

If you choose to amend the complaint you will have 30 days to submit a second amended complaint that fixes the problems described above. If you submit a second amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. Without this information, the court cannot tell if you can state a claim against each of the named defendants. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 3) is GRANTED;
2. Plaintiff is ORDERED within 14 days to complete and return the attached form notifying the court indicating whether he wishes to proceed on Claims One through Five of the complaint against defendants County of Amador, Justin Coletti, and Luke McElfish only, dismissing all other claims and defendants, or whether he wishes to file a second amended complaint; and

///
///
///

11

3. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: November 2, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CROCKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF AMADOR, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-01924-DAD-AC<br><br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　　Check one:

_____ Plaintiff Benjamin Crocker want to proceed immediately on Claims One through Five of the complaint against defendants County of Amador, Justin Coletti, and Luke McElfish only without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice Claims Six and Seven and all claims against all other listed defendants pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Benjamin Crocker
　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1