UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CROCKER, | No. 2:22-cv-1924 DJC AC PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| COUNTY OF AMADOR, et al., | |
| Defendants. | |

Plaintiff is proceeding in this matter pro se and in forma pauperis, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). ECF Nos. 3, 4. Before the court is defendants' motion to dismiss. ECF No. 10. Plaintiff has opposed the motion at ECF No. 16. Defendants submitted a reply brief (ECF No. 17) and plaintiff submitted an unauthorized surreply at ECF No. 18. The parties appeared before the court to argue the motion on May 5, 2023. ECF No. 23. For the reasons that follow, the undersigned recommends the motion to dismiss be GRANTED and that the complaint be DISMISSED with leave to amend as to some claims and not others.

**I. Background**

A.   <u>The Complaint</u>

Plaintiff Benjamin Crocker brings this case based on the Amador County Sherriff's Department's alleged use of excessive force on June 15, 2021 and July 22, 2021. ECF No. 1 at 2.

Plaintiff alleges that on June 15, 2021 Amador County Sherriff Deputy Bailiff Justin Coletti physically pushed him out of a hearing at the Amador County Courthouse, and that a hearing was held in which he was a party, but which he was not allowed to attend. Id. Plaintiff filed an affidavit with the Superior Court on July 17, 2021 stating that he was scheduled for reconstructive shoulder surgery on July 21, 2021 and asked for a civil matter to which he was a party to be continued accordingly. Id. On July 22, 2021 plaintiff alleges he was assaulted and battered by two Amador County Sherriff Deputy Bailiffs, Coletti and Luke McElfish, who acted with deliberate indifference and picked him up by both his arms less than 24 hours following reconstructive shoulder surgery. Id. He was then pushed out of the courthouse through four sets of doors. Id. Plaintiff was transported to the Amador County Hospital via ambulance after the incident. Id. at 3.

Judge John Stephen Hermanson and Commissioner Andrea Sexton of the Amador County Court denied plaintiff's requests for restraining orders against the deputies, and Amador County Sherriff bailiff Sargent Michael Rice dismissed plaintiff's formal grievances. Id. Bailiffs Coletti and McElfish conspired to file fraudulent, inaccurate reports in retaliation for plaintiff filing the formal grievance. Id. On August 12, 2021, plaintiff served a Tort Claim Preservation Letter on the Amador County Board of Supervisors for the "wanton and sadistic behavior" of Coletti and McElfish, which was approved by then-Amador County Sheriff Deputy Ryan Gellaspie. Id. After this notice was filed, on September 28, 2021, Amador County District Attorney Todd Reibe and Amador County Deputy District Attorney Michelle Amanson filed a criminal complaint against plaintiff for "victimless penal code violations out of retaliation for my complaints[.]" Id. at 3-4. Judge Hermanson "enabled and encouraged" the district attorneys by allowing the action to proceed and not dismissing it for cause. Id. at 4.

Plaintiff brings the following causes of action: (1) Fourth Amendment Unreasonable Search and Seizure/Excessive Force pursuant to 42 U.S.C. § 1983; (2) Bane Act (Cal Civ. Code § 52.1); (3) violation of Article 1, § 13 of the California Constitution; (4) Negligence; (5) Battery; (6) Barratry pursuant to Cal. Penal Code § 158; (7) Municipal Liability pursuant to 42 U.S.C. § 1983. Id. at 15-25. Pursuant to the screening process associated with plaintiffs in forma pauperis

status, plaintiff has elected to proceed on claims One through Five of the complaint, against defendants County of Amador, Justin Coletti, and Luke McElfish only. ECF No. 3, 4.

B. Motion to Dismiss

All defendants move to dismiss. ECF No. 10. The motion presents various grounds for dismissal, but one deficiency prevents all of plaintiff's state law claims from proceeding: plaintiff's failure to comply with the timely filling requirements of the California Government Tort Claims Act. As to plaintiff's Fourth Amendment claim, defendants argue that plaintiff fails to state a claim upon which relief can be granted and that the defendants are protected by qualified immunity.

**II. Analysis**

A. Legal Standards Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

////

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. The California Government Claims Act Requires Dismissal of Plaintiff's State Law Claims as Untimely

State law claims are governed by California law, which requires compliance with the California Government Claims Act (CGCA or Claims Act). Butler v. Los Angeles City, 617 F.Supp.2d 994, 1001 (C.D. Cal. 2008). "Before a person can sue a [California] public entity or public employee for money damages for actions taken within the scope of the person's employment, he or she must first file a government claim pursuant to the CGCA, codified at California Government Code section 810 et seq." Robinson v. Alameda County, 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012) (citations omitted). The claim presentation requirement of the

California statute applies to state law claims brought in federal court. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Under the Government Claims Act, claims for money or damages against local public entities must be presented to the responsible public entity before a lawsuit is filed. Cal. Gov. Code § 905; City of Stockton v. Superior Court, 42 Cal. 4th 730, 734 (Cal. 2007).

Plaintiff must present a claim to the appropriate agency within six months of the accrual of the cause of action. Cal. Gov. Code § 911.2. The agency then has 45 days within which to accept or reject the claim. Cal. Gov. Code § 911.6. If the agency rejects the claim in writing, plaintiff has six months thereafter within which to bring a court action. Cal Gov. Code § 945.6(a)(1). Addison v. State of California, 21 Cal.3d 313, 316 (Cal. 1978). "This six-month deadline 'is mandatory and must be strictly complied with.'" Sofranek v. Merced County, 146 Cal. App.4th 1238, 1246 (2007) (quoting Julian v. City of San Diego, 183 Cal.App.3d 169, 176 (1986)). A plaintiff must allege both the filing of the claim and its rejection in the complaint to plead compliance with the Act. See Dujardin v. Ventura County General Hospital, 69 Cal.App.3d 350, 355 (1977) ("Timely compliance with the claim filing requirements and rejection of the claim by the governmental agency must be pleaded in a complaint in order to state a cause of action"). If a cause of action against a public entity is barred by the CGCA, so too is a cause of action against the public entity's current or former employees, based on the same injury. Cal. Gov't Code § 950.2; Watson v. State of California, 21 Cal.App.4th 836, 843 (1993).

Here, plaintiff alleges that he timely filed an administrative tort claim and an amendment to the claim with the County. ECF No. 1 at 8. Plaintiff further alleges that he served his government claim on the County on August 19, 2021, for the "wanton and sadistic behavior of Amador County Sheriff Deputy's Justin Coletti and Luke McElfish." ECF No. 1 3:22–25; see also RJFN[1], Ex. B (Plaintiff's Government Claim). The County subsequently rejected plaintiff's

---

[1] This court must, upon request, take judicial notice of any "fact" that is "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are indisputable, and thus subject to judicial notice, only if they are either "generally known," or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned Fed. R. Civ. P. 201(1), (2); United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003). Judicially noticed facts may be (continued…)

claim and mailed notice of the same on September 23, 2021. RJFN, Ex. C (County Rejection Notice). The County's rejection notice included a warning that "you only have six (6) months from the date of this notice personally delivered or deposited in the mail to file a court action on these claims. See Government Code Section 945.6." Id. Plaintiff filed an amended claim on October 4, 2022. RJFN, Ex. D (Plaintiff's Amended Government Claim). Before the County responded to the amended claim, plaintiff filed the instant action on October 26, 2022. See ECF No. 1.

It is undisputed that plaintiff timely filed his Government Claim. However, following the denial of his Government Claim, plaintiff did not timely file this action in federal court. Plaintiff's time to file a lawsuit expired on March 23, 2022, because filing the Amended Government Claim did not re-start the CGCA clock. Plaintiffs may amend their government claims "at any time before the expiration of the [six-month period to present a government claim] . . . or before final action thereon is taken by the board, whichever is later . . ." Cal. Gov. Code § 910.6(a). An amendment filed outside of this period is ineffective. Rogers v. Board of Education, 261 Cal. App. 2d 355, 358 (1968). Even if an amendment is effective, however, the "amendment shall be considered a part of the original claim for all purposes." Cal. Gov't Code § 910.6(a). California courts have "held that where a second claim relates to the same underlying facts and 'amounts to no more than an attempt to amend the original claim,' the amendment relates back to the date the original claim was filed and therefore the six-month statute of limitations begins to run from the date the first claim was rejected by operation of law." Sofrankek, supra, 146 Cal. App. 4th at 1247 (citing Julian, supra, 183 Cal.App.3d at 73–176). This reasoning is consistent with the language of the amendment statute, which allows parties to amend their claim if it relates to the same transaction or occurrence, but specifies that the related amendment "shall be considered a part of the original claim for all purposes." Cal. Gov. Code § 910.6(a).

---

considered on a dismissal motion under Rule 12(b)(6). See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) ("[o]n a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings").

6

Because plaintiff filed this case more than 6 months after the rejection of his initial government claim, the CGCA bars him from bringing each of his state law claims: Claim Two, Bane Act violation (Cal Civ. Code § 52.1); Claim Thee, violation of Article 1, § 13 of the California Constitution; Claim Four, Negligence; Claim Five, Battery; and Claim Six, Barratry.[2] No amendment can cure the timeliness defect, which bars late filed complaints as a matter of law. Accordingly, each of the state law claims must be dismissed with prejudice and without leave to amend.

### C. Plaintiff's § 1983 Claim Against the Officers is Inadequately Pleaded but Leave to Amend is Appropriate

Defendants argue that plaintiff's § 1983 claim for excessive use of force fails as a matter of law because the nature of the force used against plaintiff was objectively reasonable. ECF No. 10-1 at 9-13. The framework for evaluating a Fourth Amendment excessive force claim under §1983 is one of "objective reasonableness under the circumstances." Graham v. Connor, 490 U.S. 386, 399 (1989); County of Los Angeles, Calif. v. Mendez, 581 U.S. 420, 427 (2017). "The operative question in excessive force cases is whether the totality of the circumstances justifies a particular sort of search or seizure." County of Los Angeles, 581 U.S. at 427–28, 137 (internal quotations omitted).

Here, plaintiff alleges that the Amador County Superior Court was on notice that he had shoulder surgery on July 21, 2021, but that Bailiffs Coletti and McElfish picked him up by his arms to physically remove him from the courthouse and then "pushed/threw/shoved me out of the courthouse through 4 sets of doors[.]" ECF No. 1 at 2. Without a more precise description of how plaintiff was removed, an evaluation of objective reasonableness is not possible. "Pushing"

---

[2] Barratry is a criminal offense, not a private cause of action. "Common barratry is the practice of exciting groundless judicial proceedings, and is punishable by imprisonment in the county jail not exceeding six months and by fine not exceeding one thousand dollars ($1,000)." Cal. Penal Code § 158. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Accordingly, the penal code does not establish any private right of action and cannot support a civil lawsuit. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability). This is an additional basis for dismissal without leave to amend with respect to plaintiff's barratry claim.

7

and "shoving" suggest that plaintiff's feet remained on the ground; "throwing" implies that he was lifted and sent flying. The court cannot tell from the allegations whether plaintiff was upright when he was removed from the courtroom and/or when he went through the doors, whether or not he was lifted off the ground by his arms, or the position in which his arms were held and pressure applied by defendants. It is also not clear what being taken "through 4 sets of doors" means. Theoretically, this ambiguous phrase would apply equally to peaceful escort through a series of freely swinging double doors, or to being hurled like a cannonball through four successively shattering panes of glass. Without information about the type and location of the four sets of doors to which plaintiff refers, and details of the way in which he was taken through each of them (including the nature of any physical contact with the doors), the viability of a Fourth Amendment claim cannot be evaluated.

Defendants emphasize the need for plaintiff's physical removal from the courtroom, citing to the transcript indicating that the Judge presiding over the proceeding asked plaintiff to be removed from the courtroom. ECF No. 10-1 at 11-12. However, objective reasonableness requires a balancing of the force used against the need for the force. As pleaded, the complaint does not permit this analysis.

As written, the allegations do not clearly state a claim upon which relief can be granted, requiring dismissal. However, the vague nature of the allegations indicates that leave to amend is necessary and appropriate.

D. Plaintiff's § 1983 Claim Against the County is Inadequately Pleaded but Leave to Amend is Appropriate

Plaintiff also brings a claim for municipal liability against the County of Amador pursuant to 42 U.S.C. § 1983. In order to successfully state a claim under § 1983 against a municipality, plaintiff must go beyond showing the municipality's employee violated his constitutional rights; he must additionally show: (a) an identified municipal "policy" or "custom" that caused his injury; (b) that a final policymaking official, as defined by state law, made the decision at issue; or (c) a final policymaker delegated such authority to, or previously ratified a similar deprivation by a subordinate. Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 403-404, 406-407 (1997);

Monell v. Dep't of Soc. Servs. of City of N.Y.C., 436 U.S. 658, 694 (1978).

Here, the complaint does not allege any facts that could support a Monell claim under any of these theories.  Plaintiff alleges only that the officer defendants "acted pursuant to an expressly adopted official policy or longstanding practice or custom of the Defendant COUNTY."  ECF No. 1 at 24.  Plaintiff goes on to allege the County is liable because it knowingly hired and retained the officers and fails to maintain appropriate policies and procedures for discipline.  Id. at 25.  Such conclusory allegations are insufficient to state a Monell claim.  See AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012); Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); Estate of Brooks ex rel. Brooks v. United States, 197 F.3d 1245, 1247 (9th Cir. 1999).  To state a claim for municipal liability, a complaint must specifically identify the policy or custom that is alleged to have caused the unconstitutional conduct.  Id.

Should plaintiff wish to amend this claim, he is informed that Monell does not provide a distinct cause of action, but describes what must be alleged against a municipal entity in order to hold it liable for constitutional violations.  The existence of a custom or policy is a way to show that the municipality itself caused a specific constitutional violation, rather than the violation being the mere conduct of "bad apple" officers.  See Monell, 436 U.S. at 692, 694; see also Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001).  Accordingly, plaintiff must allege facts showing how a specific County custom or policy caused a particular constitutional violation by the individual defendant(s).  Id.  It is not enough to allege that departmental culture tolerates misconduct in general.

E.  The Allegations are Too Vague to Determine the Application of Qualified Immunity

Defendants argue that even if plaintiff does state a § 1983 claim against Colletti and McElfish, they are entitled to qualified immunity that the case should be dismissed on that ground.  ECF No. 10-1 at 13.[3]  "Government officials enjoy qualified immunity from civil

---

[3] The court notes that as an alternative ground for dismissal, defendants argue that this entire action is barred by California Government Code section 945.3, which provides that no person charged with a criminal offense "may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in (continued…)

damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). In analyzing a qualified immunity defense, the court must consider the following: (1) whether the alleged facts, taken in the light most favorable to the plaintiff, demonstrate that defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was clearly established at the time of the incident. Saucier v. Katz, 533 U.S. 194, 201 (2001). "[T]he assertion of an affirmative defense may be considered properly on a motion to dismiss where the 'allegations in the complaint suffice to establish the defense.'" Sams v. Yahoo! Inc., 713 F.3d 1175, 1179 (9th Cir. 2013) (quoting Jones v. Bock, 549 U.S. 199, 215 (2007)). This includes qualified immunity. Serrano v. Francis, 345 F.3d 1071, 1081 (9th Cir. 2003); Brooks, supra, 828 F.3d at 920.

Here, the facts in the complaint are insufficiently stated, and the court cannot determine whether qualified immunity applies. Accordingly, no determination regarding qualified immunity is made at this juncture.

### III. Leave to Amend is Appropriate as to Plaintiff's § 1983 Claims Only

Leave to amend is not appropriate with respect to plaintiff's state law claims because no amendment can cure plaintiff's failure to comply with the time constraints of the California Government Claims Act. The state claims must be dismissed without leave to amend.

However, it is not clear from the allegations or from the public records subject to judicial notice that plaintiff is unable to state a Fourth Amendment claim against the officers, or a claim for municipal liability. A pro se plaintiff is generally entitled to an opportunity to correct defects in a complaint by amendment unless the defects cannot be cured. Noll, 809 F.2d at 1448. The

---

investigating or reporting the offense or in arresting or detaining the accused, while the charges against the accused are pending before a superior court." Cal. Gov. Code § 945.3. This argument does provide a secondary reason for dismissing plaintiff's state law claims, but fails as to the remaining federal claim because the Ninth Circuit has squarely held that "the provision of section 945.3, which absolutely prohibits a party from bringing a civil action against a peace officer while state criminal charges are pending against that party, is contrary to the purposes of section 1983. Accordingly, as applied here, the prohibition in paragraph one of section 945.3 must fall under the Supremacy Clause." Harding v. Galceran, 889 F.2d 906, 908 (9th Cir. 1989).

defect as to plaintiff's § 1983 claims lie in the vagueness of plaintiff's description of the events giving rise to the claim. Accordingly, it is recommended that plaintiff be given an opportunity to file an amended complaint limited to this § 1983 claims against Officer Coletti, Officer McElfish, and the County of Amador.

### IV. Pro Se Plaintiff's Summary

The magistrate judge recommends that your state law claims be dismissed with prejudice because you missed the deadline to file them under the California Government Claims Act. Your Fourth Amendment excessive force claim is not suitable to proceed because the facts you allege in the complaint are too vague to state a claim. The magistrate judge recommends that you be permitted to amend that claim. An amended complaint should provide more details about the force that was used, including how your body was handled and the type and location of the various doors you went through. Your claim against the County is also defective because you do not identify a specific unconditional policy or practice that cause the individual officers to harm you. It is recommended that you be given an opportunity to amend this claim too. You will have 30 days to file an amended complaint after these Findings and Recommendations are ruled on. You have an opportunity to file written objections to these recommendations within 21 days.

### V. Conclusion

For the reasons set forth above, the undersigned recommends that:

1. Defendants' motion to dismiss at ECF No. 10 be GRANTED;
2. Plaintiff be granted LEAVE TO AMEND, within 30 days following a ruling on these Findings & Recommendations, Claims One (Fourth Amendment excessive force, 42 U.S.C.§ 1983) and Seven (Monell) only; and
3. Claims Two through Six be DISMISSED WITH PREJUDICE.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 8, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE