UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMINE CROCKER, | No. 2:22-cv-1924-DJC-AC PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF AMADOR, et al, | |
| Defendants. | |

Plaintiff is proceeding in this action in pro per and in forma pauperis. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21). On February 7, 2024, the Magistrate Judge filed findings and recommendations that were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. (ECF No. 42.) Plaintiff has filed objections to the findings and recommendations. (ECF No. 43.) Pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case.

The Court disagrees with the Magistrate Judge's conclusion that Plaintiff has failed to plausibly establish excessive force. While the transcripts of the court proceedings cited in the findings and recommendations establish the need for some force based on Plaintiff's refusal to comply with the court's orders and to leave the

1

courtroom, they are not sufficient to establish that the *amount* of force used was reasonable. A reasonable jury could conclude that despite needing to use some force against Plaintiff, the force used in these circumstances – especially in light of Plaintiff's alleged recent shoulder surgery – was more than reasonably necessary to escort him out of the courtroom.

However, the Magistrate Judge correctly found that Defendants are, regardless, entitled to qualified immunity, and that the case must be dismissed. In *Brooks v. Clark County*, the Ninth Circuit reiterated that it must be "beyond debate" that a use of force was excessive to defeat qualified immunity. 828 F.3d 910, 921 (9th Cir. 2016). A plaintiff "must not only allege that [the defendant] used an unreasonable amount of force, but also that *no reasonable officer could disagree* that [the defendant] used an unreasonable amount of force." *Id.* at 922 (emphasis in original). By this standard, the Ninth Circuit found that pushing the plaintiff through the doors of a courtroom and causing injury was not indisputably excessive and unconstitutional. Similarly, here, taking Plaintiff by the arms and pushing him through the courtroom doors, even while his arm was in a sling, is not indisputably unreasonable.

The Court finds the remainder of the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 7, 2024, are adopted in part; and

2. Defendants' Motion to Dismiss, ECF No. 35, is GRANTED and this case is dismissed in its entirety with prejudice.

IT IS SO ORDERED.

Dated:  **July 3, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28